UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAYLA M. ROBINSON, by her next friend,
TANYA ROBINSON,

        Plaintiff,

v.                                                           Case Number:  09-10675
                                                           Honorable Julian Abele Cook, Jr.

LOWE'S HOME CENTERS, INC.,

        Defendant.

## ORDER

In this case, the Plaintiff, Tanya Robinson ("Robinson"), contends that her minor daughter, Layla Robinson,[1] was seriously injured as the result of the negligence (i.e., failure to properly maintain a customer's shopping cart and a visitors' parking lot) of the Defendant, Lowe's Home Centers ("Lowe's).

This matter, having been originally filed in the Wayne County Circuit Court of Michigan on January 26, 2009, was timely removed to this federal court on the basis of, *inter alia*, its diversity jurisdiction. 28 U.S.C. § 1332. On May 1, 2009, Lowe's filed a motion for summary judgment, citing to Fed. R. Civ. P. 56(c).[2] As of the date of this order, Robinson has not filed a

---

[1] Layla Robinson was two years old at the time of the incident.

[2] Fed. R. Civ. P. 56(c) states in pertinent part: ". . .The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2:09-cv-10675-VMM   Doc # 18   Filed 07/02/09   Pg 2 of 3   Pg ID 446

response to Lowe's motion.

Lowe's argues that this action should be summarily dismissed because Robinson improperly filed this case on behalf of her minor daughter without initially seeking and obtaining an order from a state court for an appointment to act as a "next friend"[3] in this litigation. As a result, it is Lowe's contention that Robinson lacks the lawful capacity to seek relief on her daughter's behalf which, in turn, warrants the entry of a summary judgment in its favor.

According to Fed. R. Civ. P. 7(b)(1)(B), "[a] request for a court order must be made by motion . . . [and the] . . . the motion must state with particularity the grounds for seeking the order." However, Lowe's currently pending motion request is devoid of any reference to any statute, case law, or other legal authority which ostensibly supports its proposition that Robinson must first obtain authority from a court to initiate a lawsuit on her minor daughter's behalf. As a result, the Court is left without any citation upon which it can evaluate the merit of Lowe's motion.

Accordingly, and without addressing the merit of Robinson's claims, the Court must deny Lowe's motion for summary judgment without prejudice, because of its failure to comply with the applicable Federal Rules of Procedure.

IT IS SO ORDERED.

Dated:   July 2, 2009                                S/Julian Abele Cook, Jr.
         Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                     United States District Court Judge

---

[3]On May 27, 2009, Robinson filed an "emergency" motion to appoint a guardian *ad litem*, which is currently pending with this Court.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 2, 2009.

s/ Kay Doaks<br>
Case Manager